FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 08 2016

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

In the United States District Court
Eastern District of Arkansas
Western Division

Elizabeth Rivera-Luster                              Plaintiff

v.                                    4:16cv322-KGB

PDQ Services, Inc., Idhalys Morales,
and John Does I-X                                    Defendants

# Complaint

1. This is an action for damages brought by Elizabeth Rivera-Luster, an individual consumer for Defendant PDQ Services, Inc.'s and Idhalys Morales' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-24-501, *et seq.*, the Arkansas Deceptive Trade Practices Act (ADTPA), Ark. Code Ann. § 4-88-101, *et seq.*, all of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Elizabeth Rivera-Luster also brings common law claims for the invasions of her personal privacy by PDQ Servs. and its employees and their unlicensed and illegal efforts to collect a consumer debt from her.

## Parties

2. Plaintiff Elizabeth Rivera-Luster is a citizen of Faulkner County, Arkansas, and was so at the time of the events establishing this Complaint. Elizabeth Rivera-Luster is is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2) and a "person" as defined by Ark. Code Ann. § 4-88-102(5).

This case assigned to District Judge Baker
and to Magistrate Judge Volpe

3. PDQ Services, Inc. (PDQ Servs.) is a foreign for-profit corporation organized under Georgia law with its principal place of business at 700 Churchill Court, Suite 200, Woodstock, Georgia 30188-6841. PDQ Servs.' registered agent for service of process is Andrew Bennett, 700 Churchill Court, Suite 200, Woodstock, Georgia 30188. PDQ Servs. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A), a "collection agency" as defined by Ark. Code Ann. § 17-24-101, and a "person" as defined by Ark. Code Ann. § 4-88-102(5).

4. Upon information and belief, Idhalys Morales is a citizen of the state of Georgia. Idhalys Morales is a "debt collector" defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A) and a "person" as defined by Ark. Code Ann. § 4-88-102(5).

5. John Does I-IX are employees of PDQ Servs. whose names are not known to Plaintiff, are all "debt collectors" as defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A), and are all "persons" as defined by Ark. Code Ann. § 4-88-102(5).

**Jurisdiction and Venue**

6. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), because Elizabeth Rivera-Luster's claims for violations of the FDCPA arises under the law of the United States. This Court has supplemental jurisdiction over Elizabeth Rivera-Luster's remaining claims under 28 U.S.C. § 1367 because those claims are so related

to her claims for violations of the FDCPA that they form part of the same case or controversy under Article III of the United States Constitution.

7. The Court has in personam jurisdiction over both PDQ Servs. and Idhalys Morales under Arkansas' "long-arm" statute.[1] This Court's assertion or jurisdiction over PDQ Servs. and Idhalys Morales is consistent with due process because both defendants have sufficient minimum contacts with Arkansas so that this Court's exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice. PDQ Servs. and Idhalys Morales purposefully availed themselves of the protection of the laws of Arkansas each should would reasonably anticipate being haled into court in Arkansas by attempting to collect a consumer debt from an Arkansas citizen. This Court's exercise of jurisdiction over PDQ Servs. and Idhalys Morales is reasonable. Furthermore, this Court's assertion or jurisdiction over PDQ Servs. and Idhalys Morales is consistent with due process because both defendants have sufficient minimum contacts with Arkansas so that this Court's exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice based on the following factors:

- Both defendants sent dunning letters to Elizabeth Rivera-Luster's home address in Faulkner County, Arkansas.

---

[1] Ark. Code Ann. § 16-4-101(B).

- PDQ Servs. reported information to a Experian, a credit reporting bureau, concerning Elizabeth Rivera-Luster, an Arkansas citizen.

- Elizabeth Rivera-Luster's cause of actions asserted herein are directly related to each Defendants' contacts with Arkansas.

- Arkansas has an interest in protecting its citizens from unlicensed debt collection efforts, from violations of the ADTPA, and providing a forum for its citizens to bring common law tort claims for invasion of their privacy.

- This Court is a convenient forum for all parties to resolve Elizabeth Rivera-Luster's causes of action.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because this district is where a substantial part of the events or omissions giving rise to the claim occurred.

**Factual Background**

9. Unless licensed by the State Board of Collection Agencies, it is unlawful for a collection agency to:

- engage in the collection of delinquent accounts, bills, or other forms of indebtedness;

- solicit claims for collection; or

- purchase and attempt to collect delinquent accounts or bills.[2]

10. Arkansas' licensing requirement for collection agencies ensures that collection agencies meet licensing qualifications through an application process, renew their licenses, pay annual fees, secure surety bonds, and limit their collection charges all under the oversight of the State Board of Collection Agencies.[3]

11. The State Board of Collection Agencies has the authority to revoke, suspend, or refuse to issue a collection agency's license.[4]

12. At the times of the events relative to this Complaint, PDQ Servs. met the definition of a "collection agency" but did not have a license with the State Board of Collection Agencies.

13. On August 4, 2015, PDQ Servs. sent a dunning letter[5] to Elizabeth Rivera-Luster[6] at her address in Conway, Arkansas, in an attempt to collect a delinquent debt of $321.65 for Pulmonary & Sleep Medicine Associates.

14. On September 4, 2015, PDQ Servs. sent a second dunning letter[7] to Elizabeth Rivera-Luster at her home address in Conway, Arkansas, in an

---

[2] Ark. Code Ann. § 17-24-301(1), (3), and (4).

[3] Ark. Code Ann. §§ 17-24-302-306, and 310.

[4] Ark. Code Ann. §§ 17-24-307-308.

[5] See attached Exhibit A.

[6] The letters were addressed to Elizabeth Rivera, the plaintiff's name at the time she received the letters attached as exhibits to this Complaint.

[7] See attached Exhibit B.

attempt to collect a delinquent debt[8] of $321.65 for Pulmonary & Sleep Medicine Associates. This dunning letter included the following as a "Benefit of Paying!":

> ➢ We have more payment options before we report to the Credit Bureaus.
>
> ➢ Payment will keep it from being reported negatively on your credit report![9]

15. Elizabeth Rivera-Luster's Experian credit report shows that PDQ Servs. reported the account at issue as in collections and that only $225.00 was past due as of March 16, 2016. Elizabeth Rivera-Luster made no payments on the alleged account after receiving either dunning letter.

16. Elizabeth Rivera-Luster's Equifax credit report shows no reporting of the account at issue as of March 16, 2016.

17. PDQ Servs.' and its employees unlicensed collection efforts and invasion of her right to privacy and to be left alone from unlicensed collection efforts were the direct and proximate cause of emotional distress of Elizabeth Rivera-Luster.

---

[8] The debt allegedly incurred by Elizabeth Riveraf-Luster is a financial obligation for person, family, or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4).

[9] *Id.*

## Respondeat Superior Liability

18. The acts and omissions of PDQ Servs. and other debt collectors employed by PDQ Servs., including but not limited to Idhalys Morales, were committed within the time and space limits of their agency relationship with their principal PDQ Servs.

19. The acts and omissions by these individual debt collectors and employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by PDQ Servs. in collecting consumer debt.

20. By committing these acts and omissions against Elizabeth Rivera-Luster, these employees and debt collectors were motivated to benefit their principal, PDQ Servs.

21. PDQ Servs. is therefore liable to Elizabeth Rivera-Luster through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions that violated federal and state law by its collection employees, including but not limited to violations of the FDCPA, the AFDCPA, the ADTPA, and Arkansas common law, in their attempts to collect a debt from Elizabeth Rivera-Luster.

## Standing

22. Elizabeth Rivera-Luster has standing under Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendants described

herein, and her injury in fact is likely to be redressed by a favorable judicial decision in this Court. Furthermore, Elizabeth Rivera-Luster's injury in fact is both particular and concrete because she suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent. Arkansas' Legislature recognized the harm of collection agencies and debt collectors conducting unlicensed debt collection efforts towards Arkansas citizens. Many provisions of the FDCPA, the AFDCPA, and Arkansas' common law recognize a consumers' right to privacy and provides redress for violation of those privacy rights, including the right to be left alone from unlicensed collection efforts. The ADTPA recognizes the risk of harm to persons who are subject to unconscionable, false, or deceptive acts or practices in business, commerce, or trade.

## Causes of Action

### Count I – Violations of the FDCPA, 15 U.S.C. § 1692, et seq.

23. Elizabeth Rivera-Luster re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

24. PDQ Servs. violated the FDCPA. PDQ Servs.' violations include, but are not limited to, the following provisions:

    a. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

    b.    Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    c.    Defendants violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, or legal status of the alleged debt;

    d.    Defendants violated 15 U.S.C. § 1692e(5) by threatening to take an action that was not intended to be taken;

    e.    Defendants violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect a debt;

    f.    Defendants violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect a debt; and

    g.    Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating the debt or permitted by law.

25. As a result of the above violations of the FDCPA, Defendants are liable to Elizabeth Rivera-Luster for declaratory judgment that Defendants' conduct violated the FDCPA, Elizabeth Rivera-Luster's actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A), and costs and reasonable attorney fees under 15 U.S.C. § 1692k(a)(3).

## *Count II – Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.*

26. Elizabeth Rivera-Luster re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

27. Defendants violated the AFDCPA. Defendants' violations include, but are not limited to, the following provisions:

   a. Defendants violated Ark. Code Ann. § 17-24-505(a) by engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

   b. Defendants violated Ark. Code Ann. § 17-24-506(a) by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   c. Defendants violated Ark. Code Ann. § 17-24-506(b)(2)(A) by misrepresenting the character, amount, or legal status of the alleged debt;

   d. Defendants violated Ark. Code Ann. § 17-24-506(b)(5) by threatening to take an action that was not intended to be taken;

   e. Defendants violated Ark. Code Ann. § 17-24-506(b)(10) by using false representation or deceptive means to collect a debt;

  f. Defendants violated Ark. Code Ann. § 17-24-507(a) by engaging in unfair or unconscionable means to collect or attempt to collect a debt; and

  g. Defendants violated Ark. Code Ann. § 17-24-507(b)(1) by attempting to collect an amount not authorized by the agreement creating the debt or permitted by law.

28. As a result of the above violations of the FDCPA, Defendants are liable to Elizabeth Rivera-Luster for declaratory judgment that Defendants' conduct violated the AFDCPA, Elizabeth Rivera-Luster's actual damages under Ark. Code Ann. § 17-24-512(a)(1), statutory damages of $1,000 under Ark. Code Ann. § 17-24-512(a)(2)(A), and costs and reasonable attorney fees under Ark. Code Ann. § 17-24-512(a)(3)(A).

***Count III – Violations of the ADTPA, Ark. Code Ann. § 4-88-101, et seq.***

29. Elizabeth Rivera-Luster re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

30. The ADTPA is designed to protect Arkansans from deceptive, unfair, and unconscionable trade practices. It is a remedial statute, which is to be construed broadly.

31. Defendants and other PDQ Servs. employees are "persons" as defined in Ark. Code Ann. § 4-88-107(a)(10).

32. Defendants and other PDQ Servs.' employees conduct was willful and wanton.

33. Elizabeth Rivera-Luster suffered actual damages, including emotional distress and mental anguish, as a result of the violations of the ADTPA and my recover her actual damages and reasonable attorney's fees and costs under Ark. Code Ann. § 4-88-113(f).

### *Count IV – Invasion of Privacy by Intrusion Upon Seclusion*

38. Elizabeth Rivera-Luster re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

39. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA:

> There is an abundance of evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.[10]

40. Defendants and PDQ Servs.' employees intentionally and negligently intruded physically or otherwise upon Elizabeth Rivera-Luster's solitude or seclusion and believed or was substantially certain that they lacked the necessary legal authority or personal permission, invitation, or valid consent to commit their intrusive acts.

41. Defendants and PDQ Servs.' employees' intrusion was of a kind that would be highly offensive to a reasonable person, as a result of conduct to which a reasonable person would strongly object.

---

[10] 15 U.S.C. § 1692(a).

42. Elizabeth Rivera-Luster conducted herself in a manner consistent with an actual expectation of privacy.

43. Defendants and PDQ Servs.' employees' intrusion proximately caused Elizabeth Rivera-Luster's actual damages.

**Jury Demand**

44. Elizabeth Rivera-Luster demands of jury trial.

**Prayer for Relief**

Elizabeth Rivera-Luster respectfully prays that judgment be entered against Defendants for her actual damages, statutory damages, costs and reasonable attorney fees, and for such other relief as may be just and proper.

Date: June 8, 2016

Respectfully submitted

*/s/ Corey D. McGaha*
Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar No. 2003138
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com



**PDQ SERVICES, INC.**

Collection & Credit Reporting
P.O. Box 2109
Woodstock, GA 30188-1374

Phone: (678) 569-2900
Fax: (770) 926-8290
Toll Free: (877) 926-8235

August 4, 2015

Monday-Friday 8:30AM-5:00PM EST

Elizabeth Rivera
3305 Pebble Beach Rd Apt 12
Conway AR 72034-8749

| Creditor |
| Pulmonary & Sleep Medicine Associates |

| Account # | Account Balance |
|---|---|
| 727733 | $321.65 |

Dear Elizabeth Rivera:

This letter is to inform you that your account has been placed with PDQ Services, Inc. for collection. Pulmonary & Sleep Medicine Associates is very concerned about the $321.65 that their records show as being still owed. We offer payment plans as a method of reaching a workable solution for both parties. Please contact us as soon as possible to discuss your options.

Although you may have a good reason why this debt has not been paid, we would like to clear this account up. One reason many people tell us that they have not paid, is that they may not have the full amount due. Send your payment in full, or call us to make arrangements to work out a payment plan. Working together is a better alternative to settle this matter rather than ignoring this debt. Our ability to offer several options for repayment becomes more limited as the debt gets older. All payments or communication concerning this debt should be directed to PDQ Services, Inc. at the address below or by calling (678) 569-2900. You can also pay online at www.pdqbilling.com.

**PAYMENT OPTIONS**

Please Call (678) 569-2900
Visa, MasterCard,
& AmericanExpress
Debit Card
Check-By-Phone

Visa, MasterCard,
& American Express
Check, Money Order
(You can use the return envelope provided and the bottom portion of this notice for your convenience.)

www.pdqbilling.com
Visa, MasterCard,
& American Express

Notice Required by the Fair Debt Collection Practices Act

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of said verification or judgment. If requested in writing within thirty (30) days after receiving this notice, you will be provided with the name and address of the original creditor if different from the current creditor.

Sincerely,

*Idhalys Morales*
Idhalys Morales
(678) 569-2900 Ext. 227

**This communication is from a debt collector.**
This is an attempt to collect a debt and any information obtained will be used for that purpose.

*** Detach Lower Portion And Return With Payment ***   3310-SFPDQS10-A1C0-7/26/12

Y1927B8039

P.O. Box 2109
Woodstock GA 30188-1374
ADDRESS SERVICE REQUESTED



| IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW. |
| MasterCard   VISA |
| CARD NUMBER | EXP. DATE |
| CARD HOLDER NAME | CVV |
| SIGNATURE | AMOUNT PAID |

Account#: 727733
Account Balance: $321.65
Enclosed Amount: _____


000812002401712876627203487491 2-1YA1-Y1927B8039 3310
Elizabeth Rivera
3305 Pebble Beach Rd Apt 12
Conway AR 72034-8749



PDQ Services, Inc.
P.O. Box 2109
Woodstock GA 30188-1374

Exhibit A



**PDQ SERVICES, INC.**

Collection & Credit Reporting
P.O. Box 2109
Woodstock, GA 30188-1374

Phone: (678) 569-2900
Fax: (770) 926-8290
Toll Free: (877) 926-8235

September 4, 2015

Monday-Friday 8:30AM-5:00PM EST

Elizabeth Rivera
3305 Pebble Beach Rd Apt 12
Conway AR 72034-8749

| Creditor |
|---|
| Pulmonary & Sleep Medicine Associates |

| Account # | Account Balance |
|---|---|
| 727733 | $321.65 |



Dear Elizabeth Rivera:

Let us take this opportunity to remind you again of the balance that is due to Pulmonary & Sleep Medicine Associates for $321.65. We previously sent you a letter on 08-04-2015 as a first notice of placing your account for collection with PDQ Services, Inc. We offer an **Auto Draft Program** that allows you to spread the payments over 6 months or less. Simply complete the form below and return it. We will process the payment(s) on the date that you request and mail you a confirmation of your payment. This has been widely accepted as a convenient method for paying back the money that is owed.

**Benefits of Paying!**

Feel free to call us or complete the form below and mail it back.

**Auto Draft Authorization**

Bank Name _____
Routing Number _____ Must be 9 digits
Account Number _____
# of Payments _____

Future Payment Cycle _____ 5th, 20th, Monthly, every other Monday, ETC
Payment Amount $ _____

Account #: 727733
Elizabeth Rivera

_____
I authorize payment(s) as shown above

Sincerely,

*Idhalys Morales*
Idhalys Morales
(678) 569-2900 Ext. 227

➢ We have more payment options before we report to the Credit Bureaus.
➢ Collection Efforts Cease
➢ Payment will keep it from being reported negatively on your credit report!
➢ Pay online at www.pdqbilling.com

**CALL US TODAY!**
**(678) 569-2900**

ACA

**This communication is from a debt collector.**
This is an attempt to collect a debt and any information obtained will be used for that purpose.

*** Detach Lower Portion And Return With Payment *** 2614-SFPDQS10-A2C0-7/26/12

Y195C05660

P.O. Box 2109
Woodstock GA 30188-1374
ADDRESS SERVICE REQUESTED

| IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW. | |
|---|---|
| MasterCard    VISA | |
| CARD NUMBER | EXP. DATE |
| CARD HOLDER NAME | CVV |
| SIGNATURE | AMOUNT PAID |

Account#: 727733
Account Balance: $321.65
Enclosed Amount: _____

000812002401745648837203487491 2-1YA1-Y195C05660 2614

Elizabeth Rivera
3305 Pebble Beach Rd Apt 12
Conway AR 72034-8749



PDQ Services, Inc.
P.O. Box 2109
Woodstock GA 30188-1374

Exhibit B